IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY,
FSB AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT OPPORTUNITIES
TRUST VII-A,

    Plaintiff,

v.

THE ESTATE OF ROBIN M. MCCAFFERTY
(DECEASED), THE UNKNOWN HEIRS,
LEGATEES AND DEVISEES OF ROBIN M.
MCCAFFERTY (DECEASED), CITIBANK,
N.A., AND CAPITAL ONE BANK (USA)
N.A.,

    Defendants.

Case No. _____

## **COMPLAINT FOR FORECLOSURE**

**COMES NOW** Plaintiff Wilmington Savings Fund Society, FSB as Owner Trustee of the Residential Credit Opportunities Trust VII-A (hereinafter "Wilmington Savings"), by and through its attorneys, Jennings Haug Keleher McLeod LLP (Ryan M. Walters) and for its Complaint for Foreclosure states as follows:

### **PARTIES**

1. Plaintiff Wilmington Savings, and more specifically the corporate entity Wilmington Savings Fund Society, FSB, is a Delaware corporation with its principal place of business—specifically its corporate headquarters—in Delaware.

2. Defendant, the Estate of Robin M. McCafferty, has no personal representative that was ever appointed to administer its affairs, with Robin M. McCafferty ("Borrower" or "Decedent") previously having been a resident of Bernalillo County, New Mexico.

3. Borrower passed away on or about December 10, 2019 prior to the filing of this lawsuit. A copy of her obituary is attached hereto as Exhibit A. Upon information and belief, Borrower died intestate and had no will.

4. In the interests of simplifying this litigation, Wilmington Savings has been in touch with some of Borrower's surviving family members who have not identified any probate proceeding that exists or is contemplated. Wilmington Savings understands that Borrower passed away with a variety of debts such that her family did not wish to pursue any probate proceeding.

5. Borrower died with four siblings surviving her, specifically: (a) Patricia McCafferty; (b) William McCafferty; (c) Margaret McCafferty; and (d) Michael McCafferty ("Decedent's Heirs"). Upon information and belief including based on communications with surviving family members, Borrower, who was 56 at the time of her death, had no children and was not survived by any parents or grandparents. Accordingly, pursuant to New Mexico probate law, these four individuals upon information and belief would be Decedent's Heirs under New Mexico law.

6. All four of Decedent's Heirs have executed disclaimers of interest wherein they acknowledge under oath that they claim no interest in the real estate at issue in this litigation. These disclaimers of interest have been recorded in the Bernalillo County real estate records, with the recorded disclaimers attached hereto as Exhibit B. Given those disclaimers filed of record, these persons are not joined as parties to this litigation.

7. Wilmington Savings has duly searched for any Unknown Heirs, Devisees, or Legatees of Robin M. McCafferty and has been unable to locate or identify and such persons not already described in this complaint. As required by New Mexico law, such Unknown Heirs,

Devisees, or Legatees are joined as a party to this suit, and service by publication will be effectuated over them.

8. Defendant Citibank, N.A. is a national association entity that is a citizen of New York by virtue of having its main office location there. Citibank may claim an interest pursuant to a Mortgage dated August 6, 2007, recorded August 17, 2007, as Instrument No. 200719388 in the official records of Bernalillo County.

9. Defendant Capital One Bank (USA), N.A. ("Capital One") is a national association entity that is a citizen of Virginia by virtue of having its main office location there. Capital One may claim an interest pursuant to a Judgment entered on February 21, 2012, a judgment interest that appears to have never been recorded such that under New Mexico law no lien arose against the real estate at issue in this lawsuit.

## JURISDICTIONAL ALLEGATIONS

10. Defendant Robin McCafferty prior to her death transacted business in the State of New Mexico and resided in New Mexico, thus giving rise to the personal jurisdiction of this Court for all claims asserted herein. Additionally, in rem jurisdiction is appropriate as to the property at issue in this foreclosure action because the property is located in the State of New Mexico.

11. A suit brought by a trustee on behalf of a trust implicates the citizenship of the trustee for diversity of citizenship purposes. Accordingly, because the suit is brought by Wilmington Savings Fund Society, FSB on behalf of the statutory trust— the Residential Credit Opportunities Trust VII-A—the citizenship of the trustee governs Plaintiff's citizenship. As stated above, Wilmington Savings Fund Society, FSB is a Delaware corporation with its principal place of business in Delaware.

12. Subject-matter jurisdiction of this entire cause is based upon diversity jurisdiction under 28 U.S.C. § 1332 because the only Plaintiff, Wilmington Savings, does not share citizenship with any defendant.

13. In foreclosure cases, the amount in controversy for diversity jurisdiction purposes is measured by the value of the involved real estate. *See U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 828-30 (11th Cir. 2017) (unpublished) (explaining that in "a residential foreclosure action" that "we measure the amount in controversy 'by the value of the object of the litigation'").

14. The initial principal loan balance in 2005 was just under $100,000, exclusive of any down payment made by Borrower. Especially when considering in appreciation of the real estate value since 2005, the amount in controversy exceeds $75,000. The amount in controversy also includes the reasonable attorney's fees to which Wilmington Savings is entitled, the amounts ultimately necessary to expend to preserve the Property during the litigation—including payment of property taxes, publication expenses, special master's fees, title report costs—for which Wilmington Savings will seek recovery as authorized by the loan documentation.

15. Alternatively, the Court has supplemental jurisdiction over Wilmington Savings' claims asserted against Citibank and Capital One. Supplemental jurisdiction exists because those claims arise out of the same case or controversy—specifically the dispute over the property at issue in this litigation—as the claims over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(a)-(b); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if

those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

16. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in New Mexico, namely in Bernalillo County.

## GENERAL ALLEGATIONS

17. On August 12, 2005, for good and valuable consideration, Borrower executed and delivered an adjustable rate note ("Note") in favor of Wells Fargo Financial New Mexico, Inc. evidencing a debt in the principal sum of $97,245.67 with adjustable interest from said date at the initial Note rate of 8.5500%. A true and correct copy of the Note is attached hereto as Exhibit C.

18. The Note was secured by a Mortgage recorded on August 24, 2005 in Book A102, at Page 3481, as Instrument No. 2005123845, of the Official Records of Bernalillo County, New Mexico. A true and correct copy of the Mortgage is attached hereto as Exhibit D.

19. The real estate securing the loan obligation is commonly known as 1206 Christine St. NE, Albuquerque, New Mexico 87112 (hereinafter the "Property") and is more particularly described as:

> Lot numbered Twelve (12) in Block numbered Twelve (12) of the Plat of Blocks 1 to 14 inclusive of Dale J. Bellamah's PRINCESS JEANNE Park, an Addition to the City of Albuquerque, New Mexico as shown and designated on the Plat filed in the Office of the county Clerk of Bernalillo County, New Mexico on June 15, 1954, in Map Book D1, folio 121

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the real property address, the legal description shall control.

20.  The last payment made by Defendant McCafferty, now deceased, was applied to the December 17, 2019 scheduled installment, and the loan obligation remains in default by virtue of the lack of payments on the scheduled installments due thereafter.

21.  As outlined in further detail in this Complaint, all rights in the Note and Mortgage have been transferred to Wilmington Savings.

22.  The original holder of the Note, Wells Fargo Financial New Mexico, indorsed the Note in blank. *See* Exhibit C at 2.

23.  An employee from the office of Wilmington Savings' counsel has executed a declaration attached as Exhibit E to this Complaint which details how, as of the date of filing of this Complaint, Wilmington Savings' counsel is in possession of the original of the Note.

24.  Because Wilmington Savings is in possession of the original Note that has been indorsed in blank, Wilmington Savings is the proper party to bring this foreclosure action.

25.  Additionally, all rights in the Mortgage covering the property at issue in this action have been assigned to Wilmington Savings as evidenced by the chain of mortgage assignments attached as Exhibit F to this Complaint.[1]

## COUNT I – BREACH OF NOTE

26.  Wilmington Savings realleges all the foregoing allegations in this Complaint as if incorporated herein.

---

[1] Notably, under New Mexico law, proof of assignment of a Mortgage or mortgage instrument is not necessary because the right to foreclose the instrument follows the respective promissory note. *See Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 22, 356 P.3d 1102 ("Because we have concluded that the right to foreclose the mortgage automatically follows the right to enforce the note, and Flagstar established that it had the right to enforce the note, Ms. DeNiro's statements about ownership of the mortgage were not material to the issue of Flagstar's right to file this foreclosure action.").

27. Although appropriate demand has been made for payment of the balance of the Note, the Note remains in default.

28. There is due to Wilmington Savings on the loan balance the unpaid principal sum of $41,638.54, plus interest at the current rate of 7.7500% per year from December 17, 2019 until July 6, 2021 plus late charges, escrows, and advances. As of May 11, 2022, interest in the amount of $5,964.65 was owed on the loan balance. Interest continues to accrue until the loan balance is paid.

29. During the pendency of these proceedings, it may become necessary or desirable for Wilmington Savings to advance funds for the care and protection of the Property, for example to pay taxes or similar assessments and to provide insurance for the Property. Any such advances, when made, should bear interest in accordance with the terms and provisions of the Mortgage and should be additionally secured by the lien created under the Mortgage.

30. **WHEREFORE** Wilmington Savings prays for judgment of $47,603.19 plus interest as outlined above, plus applicable charges, attorneys' fees, costs as provided in the Note and Mortgage, and for such other and further relief as the Court deems just and proper. When including all such charges, the final judgment amount is anticipated to exceed $75,000.

## COUNT II – FORECLOSURE ON MORTGAGE

31. Wilmington Savings realleges all the foregoing allegations in this Complaint as if incorporated herein.

32. The Mortgage provides that if there is any default in the payment of any installments, the entire principal sum with accrued interest shall become due and payable at the option of the holder of the Mortgage and the Mortgage may be foreclosed in accordance with the law.

33. Borrower, now deceased, is in default on the Mortgage and, despite appropriate demand, the Note remains in default. Subsequent to the default, the Note and Mortgage balance has been accelerated to facilitate foreclosure on the Mortgage.

34. Wilmington Savings is entitled to judgment foreclosing the interest of any Defendants hereto in the Property and forever barring that interest, and that of any successors, assigns or heirs.

35. It may be necessary to appoint a receiver to collect the rents and maintain the Property in adequate repair in order to protect the interest of Wilmington Savings.

36. Any party named herein and failing to answer shall be declared to have no interest in the Property described herein, and their interest, if any, shall be foreclosed with no right of redemption or in the proceeds of sale or any other right, title, or claim in the Property.

37. The redemption period under the Mortgage is one month.

**WHEREFORE**, Plaintiff asks for judgment in the amount of $47,603.19 plus continuing interest as detailed above, plus late charges, escrows, advances, and costs as provided in the Note and Mortgage, for taxes, assessments, insurance or other expenses necessary to preserve the Property, plus attorneys' fees, and for such other and further relief as the Court deems just and proper. Wilmington Savings further requests the following:

A. That Plaintiff be granted a judgment for the outstanding loan balance, including principal and interest, plus applicable fees under the loan, plus attorneys' fees, plus costs as provided in the Note and Mortgage, for taxes, assessments, insurance or other expenses necessary to preserve the Property, and for such other and further relief as the Court deems just and proper.

B. That Plaintiff's Mortgage on the Property be foreclosed and all said real estate, be ordered sold in accordance with the laws, rules and practices of this Court to the highest bidder, for cash.

C. That a special master be appointed to conduct such sale.

D. That the proceeds of the sale be applied to the costs of the special master's sale, Plaintiff's attorney's fees, and the amounts owed under the Note and Mortgage.

E. That the Mortgage of Plaintiff be adjudged a first lien on the Property for the amounts set forth above and that it be adjudged paramount and superior to the interests of any Defendant whose interests should be foreclosed.

F. That any Defendant and any persons claiming by, through or under them be barred and forever foreclosed of all right, interest, or claim in or to the Property, subject only to the one month right of redemption.

G. That any interest arising after the recorded notice of lis pendens related to this suit be declared invalid and/or foreclosed.

H. That Plaintiff be given the right to become a purchaser by bidding its judgment in lieu of cash at the judicial sale.

I. That the purchaser at the sale be let into possession of the Property following the sale.

J. That the period of redemption shall be one month as specified in the Mortgage.

K. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

JENNINGS HAUG KELEHER MCLEOD LLP

By _/s/ Ryan M. Walters_
   Ryan M. Walters
   *Attorneys for Plaintiff*
   201 3rd St NW, Suite 1200
   Albuquerque, New Mexico 87102
   Phone: 505-346-4646
   rmw@jhkmlaw.com

NOTICE PURSUANT TO THE
FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692, *et seq.*, as amended

1.  The amount of the debt is stated in the prayer for relief included on page 7 of the Complaint for Foreclosure attached hereto.

2.  The Plaintiff named in the attached Summons and Complaint is the creditor to whom the debt is owed.

3.  Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days of receipt of this notice, the debt will be assumed to be valid by the law firm providing this notice.

4.  If you notify the law firm providing this notice within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, this law firm will obtain verification of the debt, and a copy of the verification will be mailed to you by this law firm.

5.  If the creditor named in the attached Summons and Complaint is not the original creditor, and if you make a written request to this law firm within thirty (30) days of receipt of this notice, this law firm will provide you with the name and address of the original creditor.

6.  This notice should not be construed as a thirty (30) day grace period. The creditor may pursue collection efforts immediately and not wait thirty (30) days.

The law firm providing this notice and counsel of record in the suit is as follows:

> Ryan M. Walters
> Jennings Haug Keleher McLeod LLP
> 201 3rd St NW, Suite 1200
> Albuquerque, New Mexico 87102
> Phone: 505-346-4646

Any written requests made pursuant to this notice should be sent to the above addressee.

IF YOU HAVE RECEIVED A DISCHARGE OF THE DEBT REFERENCED HEREIN IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS NOT AN ATTEMPT TO IMPOSE PERSONAL LIABILITY UPON YOUR PAYMENT OF THAT DEBT. IN THE EVENT YOU HAVE RECEIVED A BANKRUPTCY DISCHARGE, ANY ACTION TO ENFORCE THE DEBT WILL BE TAKEN AGAINST THE PROPERTY ONLY.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

4875-6178-0993, v. 1