## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILMINGTON SAVINGS FUND SOCIETY,
FSB AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT OPPORTUNITIES
TRUST VII-A,

       Plaintiff,                              Case No. 1:22-cv-00380 KG-JMR

v.

THE ESTATE OF ROBIN M. MCCAFFERTY
(DECEASED), THE UNKNOWN HEIRS,
LEGATEES AND DEVISEES OF ROBIN M.
MCCAFFERTY (DECEASED), CITIBANK,
N.A., AND CAPITAL ONE BANK (USA)
N.A.,

       Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR
### DEFAULT JUDGMENT TO FORECLOSE ON REAL ESTATE

THIS MATTER comes before the Court on Plaintiff's Motion for Default Judgment to Foreclose on Real Estate (Doc. 14). No response to the Motion has been filed and the date for filing a response has passed. There being no opposition to the Motion, the Court hereby GRANTS the Motion for Default Judgment to Foreclose on Real Estate as follows:

1.       No deficiency judgment is sought in this matter.

2.       Plaintiff is granted an In Rem Judgment in the amount described below against the real estate described as:

> Lot numbered Twelve (12) in Block numbered Twelve (12) of the Plat of Blocks 1 to 14 inclusive of Dale J. Bellamah's PRINCESS JEANNE Park, an Addition to the City of Albuquerque, New Mexico as shown and designated on the Plat filed in the Office of the County Clerk of Bernalillo County, New Mexico on June 15, 1954, in Map Book D1, folio 121

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. The real property that is the subject matter of this foreclosure action (the "described property") is more commonly known as 1206 Christine St. NE, Albuquerque, New Mexico 87112.

3.       Borrower Robin M. McCafferty (Deceased) and her successors have failed to make payments due under the Note and Mortgage attached to the Complaint for Foreclosure, filed May 16, 2022 (Doc. 1) ("Complaint"), in this matter.  The terms of the Note and Mortgage entitle Plaintiff to foreclose the Mortgage and to have the described property sold in order to collect the principal and interest due and, that total sum is declared to be a lien upon the real estate described above.

4.       As more particularly described below, the total judgment amount in favor of the Plaintiff is $88,918.10, an amount that includes attorney's fees and costs, plus an additional $8.30 per day in interest from the date of December 7, 2022, forward.

5.       The judgment amount excluding attorney's fees and costs is in the amount of $73,839.07 as of December 6, 2022.  That amount includes the principal balance of $41,638.54, plus interest accruing on the principal balance at the rate of 5.5000% per annum through and including December 17, 2019 through December 6, 2022, in the amount of $7,465.94, and thereafter accruing at the rate of $8.30 per day, plus late charges of $656.40, property preservation expenses of $11,531.12, tax advances of $2,338.94, senior lien advances of $2,683.94, lender placed insurance of $327.11, administrative fees of $280.00, a prior servicer corporate advance balance of $1,940.86, a negative escrow balance of $4,916.68, payoff charges of $120.00, minus a suspense balance (credit) of $15.46.

6.       Plaintiff's Mortgage on the described property is foreclosed and all the described property is ordered sold in accordance with the laws, rules and practices of this Court to the highest

bidder, for cash.  Such sale shall be as soon as the Special Master can arrange for and publish the sale.

7.    David Washburn is hereby appointed as Special Master to conduct such sale.  As needed, the special master may appoint an alternative designee to fulfill his obligations as special master without further order of the Court in which case the designee assumes all the special master's responsibilities.

8.    The proceeds of this sale shall be applied in the following amounts and in the following priorities:

a.  Cost and expenses of the special master and other foreclosure fees.

b.  Plaintiff's attorney's fees of $13,721.00, related gross receipts tax of $956.03, and Plaintiff's court costs of $402 in the form of the complaint filing fee.

c.  Amounts paid by Plaintiff for title commitments, expenses, costs of this action and any tax, assessments or costs which are or may be due under the terms of the Note and Mortgage attached to the Complaint.

d.  The amount due to Plaintiff for the principal and interest due on the Note and Mortgage attached to the Complaint, plus interest on the total amount of Plaintiff's Judgment from the date hereof until paid.

e.  The amount due to any junior lien or interest holders, according to their respective interests to the same to be determined by separate court order as necessary if there are excess proceeds from a foreclosure auction.

f.  After paying all of the above, should there be any money from the judicial sale left over, it shall be paid to Defendants The Estate of Robin M. McCafferty (Deceased) and The Unknown Heirs, Legatees and Devisees of Robin M. McCafferty (Deceased), according to their interests in it.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, should the proceeds of the judicial sale of the described property be insufficient to pay the full amount of the debt to Plaintiff and the costs of judicial sale, that Plaintiff agrees to waive any deficiency judgment against Defendants.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there are no valid liens or encumbrances on the described property prior to Plaintiff's lien and that Defendants The Estate of Robin M. McCafferty (Deceased) and The Unknown Heirs, Legatees and Devisees of Robin M. McCafferty (Deceased) are adjudged not to have any other rights or interests in the described property, and any rights that they have are hereby foreclosed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendants Citibank, N.A., and Capital One Bank (USA) N.A.s' claimed interests in the property are foreclosed as junior to Plaintiff's lien arising from Plaintiff's Mortgage.   Any interests that Defendant Citibank, N.A., may claim in the Property relates to a Mortgage, recorded on August 17, 2007, as Instrument Number 2007119388 in the Official Records in Bernalillo County, New Mexico.   Any interests that Defendant Capital One Bank (USA), N.A. may claim in the Property relates to a Judgment entered on February 21, 2012, a judgment interest that appears to have never been recorded such that under New Mexico law no lien arose against the real estate at issue in this lawsuit.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT any interest claimed by any party in the Property that arose subsequent to the recorded notice of *lis pendens* related to this lawsuit is invalid pursuant to NMSA 1978, § 38-1-14.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants The Estate of Robin M. McCafferty (Deceased) and The Unknown Heirs, Legatees and Devisees of Robin M. McCafferty (Deceased) shall relinquish possession of the described property on or before fourteen

4

(14) days from the date of this Order unless Plaintiff agrees.  Plaintiff shall be entitled to an order directing an appropriate law enforcement official to remove any and all occupants from the described property and putting Plaintiff in possession until the foreclosure sale.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Special Master will execute and deliver to the purchaser or purchasers of the described property a good and sufficient special master's deed or sale receipt when the special master's report is approved by this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the purchaser of the described property be let into possession of the same on production of the special master's deed or sale receipt.

THEREFORE, this purchaser shall hold the described property free and clear of all right, title and interest of Defendants, as well as all persons claiming under them subsequent to the execution of the involved note and mortgage at issue in this foreclosure action.  Defendants are hereby and forever barred and foreclosed from having or claiming any right, title or interest in the described property adverse to the purchaser, therefore, except only the right of redemption allowed by the law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if personal property remains on the described property after entry of the order approving sale in this matter that the personal property is deemed abandoned and the purchaser may dispose of the personal property in any manner pursuant to applicable law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff may bid at such sale or may become said purchaser of the described property foreclosed herein and that Plaintiff may bid the full or partial amount of its Judgment as a credit bid at the foreclosure sale for the described property in lieu of bidding cash.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the period of redemption shall be one (1) month.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff has the right to file transcripts of judgment in the property records and other necessary filings in the property records to effectuate this Order and to effectuate transfer of the property.

_____
UNITED STATES DISTRICT JUDGE

**SUBMITTED BY:**

Respectfully submitted,

JENNINGS HAUG KELEHER MCLEOD LLP

By  */s/ Ryan M. Walters*
Ryan M. Walters
*Attorneys for Plaintiff*
201 3rd Street NW, Suite 1200
Albuquerque, New Mexico 87102
Phone: 505-346-4646
rmw@jhkmlaw.com

**APPROVED AS TO FORM ONLY BY:**

ALDRIDGE PITE, LLP

*/s/ Rob Negrin (approved via email February 28, 2023)*
Rob Negrin
*Attorneys for Cenlar Federal Savings Bank*
*Servicer for Defendant Citibank, N.A.*
701 N. Post Oak Road, Suite 205
Houston, Texas 77024
Phone: (713) 293-3650
rnegrin@aldridgepite.com

(no response received)
Capital One Bank (USA), N.A.
c/o Agent for Service of Process
1680 Capital One Drive
McLean, VA 22101-3491